Comstock, Ch. J.
 

 The juror being challenged for favor, was asked, as a witness on the trial of that challenge, whether he was a member of the society of “ Know Nothings.” The question, considered by itself, of course amounted to nothing. To show its pertinency the plaintiff offered to prove the Other facts mentioned in the bill of exceptions, to wit: that the,
 
 *135
 
 .plaintiff was a Catholic and an Irishman; that the defendants were members of the same society of “Know Nothings” with the juror; and that the rules of that society inculcated hostility to all Irish Catholics. It had been agreed that the challenge should be tried by the judge without other triors. If triors had been appointed in the usual way, their decision in favor of the juror’s impartiality, if the evidence offered had been submitted to them, would have been final. This is admitted. If the judge himself, after receiving the same evidence, had passed upon it in the same manner, his decision also would have been final. This is in substance precisely what was done. The judge assumed the facts to be as they were offered in evidence. He held they were immaterial, and rejected the offer; thus determining that those facts did not make out a case of favor which disqualified the juror. It manifestly was of no importance to the plaintiff whether this determination should be made after receiving the testimony, or at the threshold when it was offered. The insufficiency of the testimony to disqualify the juror was the point adjudged. The plaintiff has no right to complain that the judge refused to consume the time of his court in hearing the proof of facts, which, as soon as proved, he would decide were of no avail.
 

 It is quite manifest, from what took place at the trial, that the facts stated, offered in connection with the particular question objected to, constituted the plaintiff’s whole case upon the trial of the challenge. There is no room, therefore, for the argument, which has been pressed, that those facts were pertinent and should have been received in connection with others that were not mentioned in the offer. The plaintiff asked a question, and on objection being made, he stated all the" connected facts which he proposed to prove, The truth of the whole of them was assumed, and on that assumption a decision was in substance made that the juror Was impartial.„ If this be the correct version of the case, and we think it is, then it is conceded that the determination cannot be reviewed. It becomes unnecessary, therefofe, to consider whether the evidence offered had a tendency to make out a case of partiality
 
 *136
 
 in the juror, so that the judge would have been bound to receive and submit it to the triors, if a jury of triors had been sworn.
 

 Clerks, J., dissented; all the other judges concurring,
 

 Judgment affirmed.